[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Stamford, Connecticut on April 20, 1974. They have resided continuously in this state since that time. There are three minor children of the marriage: Paul, born March 12, CT Page 9977 1979; Alison, born March 12, 1981 and Christine, born May 2, 1985.
The court has listened to the witnesses and reviewed all the exhibits in the case. In addition, the court has carefully considered the criteria set forth in Connecticut General Statutes sections 46b-56,46b-62, 46b-81, 46b-82, 46b-84 and 46b-86(b) in reaching the decisions reflected in the orders that follow.
The court has also weighed the holding of the appellate court in O'Neill v. O'Neill, 13 Conn. App. 300, 311, cert. denied, 207 Conn. 806, (1988) wherein the court said as follows:
 A property division ought to accord value to those nonmonetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in homemaking has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should take into consideration the plaintiff's contributions to the marriage, including homemaking activities and primary caretaking responsibilities. See also Blake v. Blake, 207 Conn. 217, 230-31 (1988)
At the time of trial the plaintiff wife was 38 years old and the defendant husband 43 years old. Both husband and wife enjoy good health. The plaintiff attended college during the marriage and received a Bachelor's degree at University of Connecticut and a Master's degree in administration at the University of Bridgeport. She graduated Magna Cum Laude and was admitted to Phi Beta Kappa during her academic career. She held a variety of part-time and full-time jobs during the marriage. She worked for Easter Seals for some years, did waitressing, was an aerobics instructor, a Tupperware saleswoman and a cake decorator. In 1992 the plaintiff began to teach in the Stamford Public School system. In the summer of 1993 she was laid off with several other teachers, some of whom were rehired at the start of the 1993-1994 school year. She was one of those fortunate ones. She does not obtain tenure until her fourth year of teaching. She is currently earning $34,870 annually.
The defendant attended the University of Connecticut (UCONN) and graduated Cum Laude with a Bachelor's degree in marketing. He obtained his MBA at UCONN. Between 1974 and 1987 he was CT Page 9978 employed as manager of inventory and planning for a corporation in which he had worked himself up from a customer service representative. When that job terminated for him he became a realtor and opened his own firm. His business acumen and his commitment to working long hours brought him investment and financial success. At the time of trial he continues to operate the firm. His gross income in 1990 was approximately $80,000. The court found him less than convincing in his explanations and projections of his expenses and finds that he presently earns an income of approximately $42,000 per year. It is anticipated that he will attain financial success given his attention to detail and good business judgment.
The court finds that there is requisite jurisdiction and that the allegations of the complaint are proven and true. The evidence presented at trial clearly established that the parties' marriage has broken down irretrievably. Unfortunately, the defendant is reluctant to acknowledge this fact, but the court finds it to be so. No useful purpose would be served by a review of the evidence as presented. The parties' differences in personalities, values and sensitivities caused problems from the beginning of the marriage. The court declines to assess fault to either party for the breakdown of the marital relationship. Judgment may enter dissolving the marriage on the grounds of irretrievable breakdown.
At the beginning of the trial the parties stipulated as follows:
1. that the fair market value of the marital residence at 75 Barrett Avenue in Stamford is $250,000;
2. that the plaintiff wife's IRA is valued at $20,673 and the defendant husband's at $42,808.
3. that the value of the jointly owned investments as shown on the defendant's financial affidavit is $14,825.
4. that the defendant shall continue to maintain certain custodial trust accounts for the benefit of the minor children, the amounts of which are as follows: for Paul, $2949.76; for Alison, $1014.53; for Christine, $1014.53.
Furthermore, the parties, through their attorneys, and the attorney for the minor child stipulated that the court orders entered August 13, 1993 regarding custody and visitation would remain in effect pending further order of the court based upon the CT Page 9979 recommendation of the children's therapist, Barbara Ivler.
The following orders may enter:
A. Custody and Visitation
1. Sole legal custody of the minor children is granted to the mother subject to the visitation rights of the father as recommended by Barbara Ivler. The orders of August 13, 1993, as set forth in Exhibit "A" are incorporated herewith. The court shall retain jurisdiction of any dispute arising with regard to the issue of custody and visitation.
B. Alimony and Child Support
1. The defendant shall pay to the plaintiff the sum of $1000 per month as unallocated alimony and child support through June 30, 1997. In the event of the wife's earlier remarriage or cohabitation pursuant to statute, the defendant shall pay child support in accordance with the then existing child support guidelines. Child support shall be paid in advance on the 1st day of each month.
2. Commencing July 1, 1997, the defendant shall pay as child support for the minor children an amount in accordance with the child support guidelines then in effect.
3. Commencing July 1, 1997, the defendant shall pay to the plaintiff the sum of $1.00 per year as alimony until the earliest occurrence of the following events: June 30, 2003, the defendant's death, the plaintiff's death, the plaintiff's remarriage or cohabitation pursuant to statute.
C. Real Property
1. The defendant shall quitclaim his interest in the marital residence at 75 Barrett Avenue, Stamford to the plaintiff.
2. The plaintiff shall execute a promissory note in the amount of $60,000. Said note shall be secured by a mortgage on the property which mortgage shall be subordinate to any first mortgage the plaintiff places on the property. The note is due and payable with simple interest at the rate of 6% at the earliest occurrence of any of the following events: her death, remarriage, cohabitation pursuant to statute, her sale of the property, or July 1, CT Page 9980 2003.
D. Personal Property
1. The parties shall equally divide the furniture, furnishings and other personal property located at the marital residence. The children's furnishings shall remain at the marital residence.
2. The parties shall equally divide the jointly owned assets: Vanguard Explorers, Vanguard Money Market Trust Fund, Vanguard Convertible Security and Dreyfus Municipal Bond Fund.
3. Each party shall retain his/her own Ira accounts.
4. The plaintiff shall retain her automobile and the defendant his automobile. The defendant shall convey the title of the 1984 Dodge 600, which is presently in the garage of the marital residence to the plaintiff. It is anticipated that she shall provide this vehicle to the minor child Paul for his use at an appropriate time. The defendant shall not be responsible for any expenses required for the maintenance of that vehicle.
E. Medical coverage
1. The plaintiff shall provide medical and dental insurance as is available through her place of employment for the benefit of the minor children. Any unreimbursed medical, dental, orthodontic, optical, pharmaceutical, psychological and psychiatric expenses incurred on behalf of the minor children shall be shared equally by the parties.
2. Connecticut General Statute 46b-84(c) is ordered.
3. The defendant shall be entitled to COBRA benefits as are available through the plaintiff's medical coverage. The defendant shall be responsible for any expense in connection with the COBRA benefits.
F. Life Insurance
1. The defendant shall provide and maintain a life insurance policy in the amount of $150,000 for the benefit of the CT Page 9981 plaintiff and children for so long as he has an obligation for alimony or child support.
G. Attorney's Fees
1. Each party shall be responsible for the payment of his/her own attorney's fees.
2. The defendant shall be responsible for 60% of the fee of the attorney for the children. The plaintiff shall be responsible for the remaining 40%.
H. Other Liabilities
1. Each party shall be responsible for the liabilities listed on his/her own financial affidavit.
2. The defendant shall be responsible for Barbara Ivler's fees through the date of the judgment. Thereafter, each party shall be responsible for one-half her fees.
3. The defendant shall be responsible for the fuel bill through the date of judgment. Thereafter, the plaintiff shall pay for fuel.
I. Income Taxes
1. The defendant shall be entitled to the dependency exemptions for the three minor children.
All other claims for relief not expressly addressed herein have been rejected.
The court would be remiss if it did not compliment counsel for the parties for well prepared and presented cases. Their efforts assisted the court in making several difficult decisions.
Leheny, J.
EXHIBIT A CT Page 9982
NO. FA 92 012 1985 S WILLIAM FLANNERY vs. JOAN C. FLANNERY SUPERIOR COURT J.D. OF STAMFORD/NORWALK AT STAMFORD 13 AUGUST 1993
BEFORE: HON. STANLEY NOVACK, JUDGE
APPEARANCES: DANNEL P. MALLOY of Abate Fox 607 Bedford Street Stamford, CT 06902 for the plaintiff
 JOHN WAYNE FOX of Curtis, Brinckerhoff Barrett 666 Summer Street Stamford, CT 06901 for the defendant
 J. PAUL JOHNSON of Ryan, Ryan, Johnson, Clear DeLuca 80 Fourth Street Stamford, CT 06905 for the minor children
 Paul J. Reardon Court Monitor
Your Honor, based upon the discussions that counsel has had this morning and after conferring with our respective clients, we are in agreement that the following order may enter.
Number one: The existing order which is in place which was executed by your Honor on August 3, 1993 will remain in effect in accordance with the statute or until modification by further order of the court.
Two: The children — and your Honor may have a recollection of this — are currently seeing and being counseled by one Barbara Ivler. They are scheduled to see her and will see her at 2:00 PM on Saturday and at such other times as are recommended by Barbara Ivler.
Three: The recommendations of Barbara Ivler regarding visitation and fatherly care by William Flannery will CT Page 9983 be the basis of modifying this order and will be reflected in the court file by appropriate documentation.
Four: The plaintiff, Joan Flannery, will refrain from any contact with the defendant including, but not limited to, any presence at his residence which is located at 36 Ogden Road in Stamford.
CERTIFICATION
 I, Paul J. Reardon, Court Monitor, Superior Court, State of Connecticut, do hereby certify the foregoing two (2) pages to be a true and accurate transcription of the tape-recorded proceedings had in the above-entitled case.
Paul J. Reardon Court Monitor 14 September 1993